Denis F. KINDELLAN et ux., Margaret F. Kindellan, Plaintiffs,

v.

ARWOOD MATERIAL CO., and Albert Talley, Defendants.

Civ. A. No. 2677.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Feb. 29, 1972.

N. R. Coleman, Jr., Greeneville, Tenn., for plaintiffs.

William H. Inman and Donald B. Oakley, Morristown, Tenn., for defendants.

## MEMORANDUM OPINION

NEESE, District Judge.

This is a diversity action for wrongful death and property damage. The plaintiffs were and are citizens of Canada and the sole surviving next-of-kin of their decedent-son Michael Francis Kindellan. The defendant Arwood Material Company was and is a Tennessee corporation, not incorporated by Canada, with its principal place of business in Tennessee, and its codefendant Mr. Albert Talley was and is a citizen of Tennessee. 28 U.S.C. §§ 1332(a) (2), (c). At all pertinent times, Mr. Talley was acting within the scope and course of his employment with his codefendant.

On July 15, 1970, within the jurisdiction of this Court, the automobile of Mrs. Margaret F. Kindellan was damaged to the extent of $3,353.17 due to the proximate negligence of the defendant Mr. Talley, *infra,* and it is the decision of this Court that she recover such sum and costs from the defendants. Rule 58(1), Federal Rules of Civil Procedure.

Young Mr. Kindellan and his recent bride, Patricia, were returning to Canada from a Mexican honeymoon on the above date. They were proceeding eastwardly in Mrs. Kindellan's Pontiac convertible automobile on U. S. highway route no. 11E, near its intersection with Mt. Pleasant road in Greene County, Tennessee, shortly after noon. Proceeding in the opposite direction at that time was a line of traffic, at the head of which was a pickup truck driven by Mr. Hal Junior Travis. Behind it was a flatbed logging truck, and behind the latter vehicle was an automobile pulling a camper-trailer. The pickup truck stopped for eastbound traffic to clear, preparatory to making a left turn onto Mt. Pleasant road. Among the eastbound vehicles which thus cleared was the Kindellan vehicle.

At this time, the 1965 Ford C–850 dump truck of the defendant Arwood Material Company, operated by its codefendant Mr. Talley, and overloaded with river gravel, was proceeding westwardly along said highway.

When Mr. Talley came across a hill 570 feet removed from the aforementioned stopped traffic and saw the situation ahead, he undertook to apply the truck's brakes. The brakes were inadequate to stop the truck (or even to slow its progress appreciably). It veered at a 45° angle to its left, striking the left rear portion of the aforementioned camper and then proceeding into the lane for eastbound traffic. Just as the truck had occupied the major portion of such lane, the Kindellan vehicle arrived, and a grinding near head-on crash between these two vehicles ensued. The Arwood truck was traveling in excess of

the posted speed limit immediately before the emergency occurred.

Each of the honeymoon couple was mortally injured in the crash. Mrs. Kindellan was pronounced dead soon after her arrival at a hospital in Greeneville, Tennessee, and Mr. Kindellan expired some 3½ hours after being injured. Neither appears to have been conscious anytime after the collision.

Mr. Talley was proximately negligent in: failing to keep the Arwood vehicle under proper control; driving such vehicle at an excessive rate of speed under the circumstances; driving a vehicle which was overloaded beyond its effective braking capacity; and by violating T.C.A. §§ 59–852(a), (b) (pertaining to speed limits) and T.C.A. § 59–853 (pertaining to speed zones). Arwood was proximately and grossly negligent in permitting its vehicle to be driven while overloaded beyond its effective braking capacity and by violating T.C.A. § 59–1109 (pertaining to the maximum weight allowed per group of axles for trucks.) See London v. Stepp, C.A. Tenn. (1965), 56 Tenn.App. 161, 174 [7], 405 S.W.2d 598, certiorari denied (1966). Such combined negligence of the respective defendants resulted proximately in the wrongful death of the plaintiffs' decedent, who was free of contributing negligence.

■ The defendants seek the protection of the sudden emergency doctrine as a defense. However, as indicated above, it was the combined negligence of the defendants which precipitated the emergency which occurred when Mr. Talley came upon traffic stopped in the traffic lane ahead of the truck he was operating. Thus, the defendants cannot avail themselves of this doctrine. Caldwell v. Hodges, C.A.Tenn. (1934), 18 Tenn.App. 355, 372 [22], 77 S.W.2d 817.

■ The funeral expenses of the decedent aggregated $1,580.40. At the

time of his tragic death, he was 23 years of age, had a life expectancy of 46.73 years and a work-life expectancy of 39.03 years. He was 6′ 1″ in height, weighed 160 pounds, and was in excellent health. He was graduated from college and had aspirations to pursue an education in law, although he had been denied admission to two colleges of law because of deficiencies in his secondary-school scholastic record.* He was industrious and sober in habits. See T.C.A. § 20–614; Southern Railway Company v. Sloan, C.A.Tenn. (1965), 56 Tenn.App. 380, 390 [8], 407 S.W.2d 205, certiorari denied (1966).

The major of the plaintiffs' decedent in university was economics. At his death he was employed at a salary of $150 per week as a junior high school teacher. Because of his interest in pursuing the law as a profession, he had declined attractive offers of employment in the field of life insurance. Dr. John R. Moore, an economist, undertook to estimate the measure of the economic value of the decedent's life on the basis of Canadian economics reports. It appears therefrom that, if the decedent had applied his education and skills to employment in Canadian industry, he might have earned during his work-life expectancy the aggregate sum of $1,336,386, which, discounted to its value on July 15, 1970, would have amounted to $370,117. Cf. International Harvester Co. v. Sartain, C.A.Tenn. (1948), 32 Tenn.App. 425, 461 [25], 222 S.W.2d 854, certiorari denied (1949).

It is the decision of this Court that the plaintiffs recover of the defendants as compensatory damages the sum of one-hundred-eighty-six thousand, six-hundred-thirty-eight dollars and forty cents ($186,638.40), as the pecuniary value of the life of their decedent, and the amount of other losses and expenses.

■ As the trier-of-the-facts, this Court is of the opinion that punitive

---

* The young man had done well scholastically in secondary school until emotional problems, involving a death and an illness in his family, precipitated poorer work. He repeated these courses the following year and did well thereafter.

damages should be awarded the plaintiffs, to serve as an example to the defendant Arwood and others who might be tempted toward conduct exemplified by that of such defendant on this occasion. Arwood permitted its truck to be driven by an operator without a chauffeur's license, when the vehicle had inadequate brakes, and was loaded beyond the permissible limits. It is the finding of this Court that the unlawful gross weight of this truck and its insufficient brakes were the predominant causes of the great force with which it collided with the Kindellan vehicle. It therefore is the decision of this Court that the plaintiffs recover of the defendant Arwood Material Company as punitive damages the sum of five thousand dollars ($5,000).

Judgment will enter accordingly. Rule 58, Federal Rules of Civil Procedure.